STATE OF NEW JERSEY, PLAINTIFF, v. WILLIAM J. McGOVERN, DEFENDANT.

Submitted May 6, 1947—Decided September 16, 1947.

Before CASE, CHIEF JUSTICE, and Justice BURLING.

For the State of New Jersey, *Horace K. Roberson,* Prosecutor of the Pleas of the County of Hudson, and *William P. Gannon,* Assistant Prosecutor.

For the defendant, *Maurice C. Brigadier.*

The opinion of the court was delivered by

CASE, CHIEF JUSTICE. The defendant moves to quash two indictments upon the grounds (1) that they are insufficient in that they fail to charge the commission of a crime and fail to inform the defendant of the nature and cause of the accusation, (2) that they are so vague and uncertain that an acquittal thereon would not assure subsequent protection against double jeopardy, and (3) that they fail to charge the establishment of any fingerprint system of identification by the Superintendent of the State Police and to charge that any forms had been prescribed.

The defendant was sheriff of the County of Hudson.

The essential statutory provision is *R. S.* 53:1–15 which provides:

"The sheriffs * * * shall immediately upon the arrest of any person for an indictable offense, or of any person believed to be wanted for an indictable offense, or believed to be an habitual criminal, take the fingerprints of such person according to the fingerprint system of identification established by the superintendent of state police and on the forms prescribed, and forward without delay two copies or more of the same, together with photographs and· such other descriptions as may be required and with a history. of the offense committed, to the state bureau of identification."

The indictments, in so far as the questions at issue go, are of like content, and the consideration of one will answer for both.

The indictment charges generally that McGovern as sheriff was charged with the duty to take fingerprints immediately of such persons as are arrested for an indictable offense according to the fingerprint system of identification established by the Superintendent of the New Jersey State Police and on the forms prescribed and to forward the same without delay, two copies or more of the same, together with photographs and such other descriptions as may be required and with a history of the offense committed to the New Jersey State Bureau of Identification. The indictment continues with the allegation that the grand inquest of the County of Hudson, on October 24th, 1944, returned a true bill of indict-

ment against Robert A. O'Brien, William P. Black and M. James McLaughlin for conspiracy to cheat and defraud the City of Jersey City of its moneys derived from the taxation of real and personal properties and that the said defendants accordingly appeared before the bar of the court, were arrested and arraigned for pleading to the knowledge of the said McGovern, but that nevertheless the said McGovern, disregarding his duty, continuously, unlawfully and willfully neglected and omitted to perform such duty as aforesaid and to use and exercise reasonable and effective means within his power as such sheriff for the enforcement of the fingerprint laws of the state and in particular 53:1–15 of the New Jersey Revised Statutes and on the contrary did then and there unlawfully and willfully permit the fingerprint laws, and in particular R. S. 53:1–15, to be disregarded and violated, &c.

It will be observed that the recital of the offense in the indictment follows almost *verbatim* the provisions of the statute, 53:1–15, which are twice later in the indictment specifically referred to as the particular provision of the law which has been violated. The indictment, in substance, is a charge that the defendant as sheriff violated those enumerated provisions of the statute. Violations of statutory duties by a public officer not only are indictable as acts of non-feasance and malfeasance under the common law; but the particular omission here charged is a statutory offense under R. S. 53:1–20 which provides: "Any officer mentioned in this article who shall neglect or refuse to make any report or to do any act required by any provision of this article shall be guilty of a misdemeanor * * *."

Where the words of the statute are descriptive of the offense, it is ordinarily sufficient to charge the offense in the language of the statute or in words of similar import, *Levine v. State,* 110 *N. J. L.* 467, 471, subject to the qualification that the crime must be set forth with clearness and necessary certainty to apprise the party accused of the offense with which he stands charged, *State v. Bradway,* 118 *Id.* 17. We find it satisfactorily clear that the indictment charges that McGovern as sheriff was under the duty, on the arrest of O'Brien and others charged with an indictable offense, to

fingerprint them and to subject them to the incidents of fingerprinting and that McGovern, although he knew his duty in that respect, willfully neglected and omitted to perform it.

The indictments are sufficient to charge the commission of a crime and they inform the ·defendant of the nature and cause thereof; also, they are sufficiently certain to give the defendant, if convicted thereon, protection against double jeopardy should he ever be charged again on ·the same grounds. Inasmuch as the charge is laid in the language of the statute and the elements of it are made clear, we find no fatal defect in the omission of an allegation that the fingerprint system of identification had in fact been established by the Superintendent of State Police.

We have also examined the brief which is submitted in common with pending motions by other defendants and the common depositions and common exhibits upon which the same is founded and find no substance therein. See *State* v. *Grundy,* 136 *N. J. L.* 96, decided contemporaneously herewith.

The motion to quash will be denied and the writ of *certiorari* will be dismissed, with costs.